UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-79-FDW

| | |
|---|---|
| STUART WAYNE TOMPKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| HUBERT CORPENING, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 8).

## I. BACKGROUND

Pro se Petitioner Stuart Tompkins is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution in Marion, North Carolina. Petitioner is serving a 240-297 month sentence for first-degree sexual offense and taking indecent liberties with a child. In this federal habeas action, Petitioner is challenging his February 12, 2014, B3 and C2 prison disciplinary offense convictions for covering his cell window (putting paper on his cell window) and using profane language toward a correctional officer. Petitioner received as punishment for the B3 conviction: 45 days segregation, 20 days loss of sentence credits, 40 hours extra duty, 120 days suspension of canteen privileges, and four months limitation on account withdrawals. See (Doc. No. 9-2 at 7). For the C2 conviction, he received 15 days segregation, 10 days loss of sentence credits, 30 hours extra duty, 60 days loss of radio and TV privileges, and two months limitation on account withdrawals. See (Id.). Petitioner appealed these convictions to the Chief

1

Disciplinary Hearing Officer, who upheld them on February 21, 2014. (Id. at 1). Petitioner admits in his pro se federal habeas application form that he did not seek review in the state courts. (Doc. No. 1 at 2-3).

Petitioner filed his pro se federal habeas application form in the prison system for mailing on March 26, 2014, and the petition was stamp-filed in this Court on March 28, 2014. Petitioner contends in the habeas petition that his due process rights were violated during the disciplinary hearing that led to his prison disciplinary offense convictions. On May 7, 2014, Respondent filed the pending motion for summary judgment. (Doc. No. 8). On May 9, 2014, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion. (Doc. No. 10). On June 11, 2014, after being granted an extension of time, Petitioner filed a response to the summary judgment motion. (Doc. Nos. 17; 18).

## II. STANDARD OF REVIEW

A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we

would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F .3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S.Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10–6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A).

Section 2254's exhaustion requirement demands that a petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Larry v. Branker, 552 F.3d 356, 366 (4th Cir. 2009) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). However, a petitioner may overcome a finding of procedural default by showing cause and prejudice arising from the

asserted constitutional error. McCarver v. Lee, 221 F.3d 583, 591–92 (4th Cir. 2000). To show "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." Id. at 591 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 592 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

A habeas petitioner may also overcome his procedural default by demonstrating that the court's failure to consider the claim will result in a fundamental miscarriage of justice. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The "fundamental miscarriage of justice" exception applies only to a narrow class of cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 392-94 (2004) (citing Murray v. Carrier, 477 U.S. 478, 494–96 (1986)).

### III. DISCUSSION

Petitioner alleges that his Fourteenth Amendment due process rights were violated in his hearing for two disciplinary infractions for which he was convicted—a C2 for cursing at staff and a B3 for blocking his cell window. In order to show the deprivation of a liberty interest protected by the Due Process Clause, an inmate must show either that: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); McNeill v.

5

Currie, 84 Fed. Appx. 276, 277 (4th Cir. 2003).

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set forth the rights that must be afforded to an inmate in the context of a prison disciplinary hearing that results in the loss of good time credits. Under Wolff, the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Id. at 563-66; see also Superintendent Mass. Corr. Inst. at Walpole v. Hill, 472 U.S. 445, 454 (1985) (discussing Wolff).

Here, the disciplinary hearing officer ("DHO") summarized the facts as follows:

> An extension of time of 5 days was granted to the investigator in order for him to obtain additional statements. On 1/31/14 at about 0200 hours, officer M. Tilley observed that inmate Stuart Tompkins had paper on his window. Officer Tilley ordered him to remove the paper. Inmate Tompkins stated, "Fuck you! Get the fuck away from my god damn door!" Inmate Tompkins is charged with a B03 for covering his cell window. He is charged with a C02 for cursing staff. This inmate enters no plea. This matter is turned over to DHO for hearing.

(Doc. No. 9-2 at 2). After the DHO hearing, the Hearing Officer made the following summary and disposition:

> This case is being heard by video conference with Officer Bradley present as the staff witness. Inmate Tompkins acknowledged his rights and entered a not guilty plea on the B03 and C02 charges as reported by Officer Tilley that on 1/31/14 at approx. 0200 hours that inmate Tompkins had paper on his window and when ordered to take it down inmate stated "Fuck you, you get the fuck away from my goddamn door." Inmate requested the video viewed which did not add or detract from this case. A statement was obtained from inmate George who refused to write a statement. Mr. Barnett was present and did talk with inmate Tompkins prior to the hearing as his representative. Inmate Tompkins stated he did take the paper down when told to and he did not say anything to the officer, he stated he went back to bed. Inmate Tompkins stated the officer is retaliating. Officer Tilley stated that inmate was written up for misconduct and not retaliation. In

6

review of all information, inmate Tompkins is being found guilty of the charges with punishment given to address this act. Appeal rights explained.

(Id. at 8).

Petitioner's sole ground for relief states as follows:

> Officer Tilley [said] I had paper on [my] window but never stated that he seen or saw this paper and I was ac[cused] of cursing this Officer and there was no evidence [that showed] that he heard [me] curse this Officer and there was no evidence corroborat[ing] this Officer's bare statements[.] Petitioner was denied Physical Evidence that was requested and [he] was denied Hearing within law and Regulation and denied Due Process Clause (sic) in the 14 Amendment of the U.S. Constitution.

(Doc. No. 1 at 5). Petitioner essentially asserts in the petition that (1) there was insufficient evidence that the officer heard the cursing; (2) Petitioner was denied physical evidence he requested—specifically, videotape footage of the incident; (3) Petitioner was denied a hearing in accordance with law and regulation; and (4) he was denied due process. All of these assertions are conclusory, belied by the record of the disciplinary hearing, and without merit.

First, Respondent has presented evidence on summary judgment, in the form of the witness statements that supported the decision of the hearing officer, to show that there was sufficient evidence to support Petitioner's convictions for placing paper over his cell window and cursing at an officer. Petitioner, on the other hand, has failed to present evidence on summary judgment to raise a genuine issue of fact as to whether the evidence against him was sufficient. Furthermore, Respondents' summary judgment materials show that the DOC's Inmate Disciplinary Procedures provided the procedural due process rights required by Wolff and that prison officials followed that procedure. In response to the summary judgment motion, Petitioner has presented no evidence showing that there is a genuine issue of material fact as to whether Petitioner's due process rights were violated in relation to the disciplinary hearing. As

7

to Petitioner's argument that he was denied the right to view videotape footage from the time of the incident, the failure of the prison to allow Petitioner access to the videotape was not a denial of Petitioner's due process rights. An investigator of the incident noted that the videotape "footage did not add or take away from staff's statements" because there was "no audio on the footage." (Id. at 13). Thus, the videotape footage would neither have confirmed nor negated the finding that Petitioner cursed at the officer as to the C2 infraction for cursing staff. The investigator also noted that Petitioner admitted to having a piece of paper covering his cell window. (Id.). Thus, the videotape was irrelevant as to the B3 infraction for covering his cell window. In sum, Respondent is entitled to summary judgment as to Petitioner's claim regarding the convictions for his disciplinary infractions.[1]

IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment and the Court will dismiss the petition.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 8), is **GRANTED**, and the petition is dismissed.

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

---

[1] Respondent contends, alternatively, that Petitioner has failed to exhaust his state remedies by first appealing from the disciplinary hearing decision to the North Carolina state courts. In the interest of judicial comity, the Court does not address Respondent's alternative argument regarding exhaustion since Petitioner's claim is being denied on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

appealability.  See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 14, 2014

Frank D. Whitney
Chief United States District Judge